COLUMBIAN MUT. LIFE ASSUR. SOCIETY *v.* PENN.

(Division B. Oct. 29, 1923.)

[97 South. 673. No. 23371.]

INSURANCE. *Recovery for fracture of one bone of forearm unauthorized under clause providing for payment for "complete fracture of arm."*

> In a suit based upon a covenant of an insurance policy providing for the payment of a benefit in the event of a complete fracture of an arm at or above the wrist, a recovery based upon proof of injury to and a fracture of only one bone of the forearm will not be upheld.

APPEAL from circuit court of Lincoln county.

HON. D. M. MILLER, Judge.

Suit by J. S. Penn against the Columbian Mutual Life Assurance Society. From a judgment for plaintiff, defendant appeals. Reversed, and judgment rendered.

*Wells, Stevens & Jones,* and *A. A. Cohn,* for appellant.

The proof shows that appellant society is a fraternal benefit society operating under the Special Act of 1916, chapter 206, same being incorporated in Hemingway's Code, section 5173, et seq. This act is a complete and comprehensive one, regulating and controlling the fraternal benefit societies operating on the lodge system, with a representative form of government and ritualistic work. Our court has several times construed this act and pointed out that it is all embrasive and exclusive and any other provisions of the code relating to insurance companies do not apply. *The Sovereign Camp of W. O. W.* v. *Farmer,* 116 Miss. 626, 77 So. 655.

Ordinary life insurance companies are commercial corporations engaged in the business of selling insurance contracts for profit. The policy holders do not in any

sense constitute the company. Their position is purely that of an insured and in no sense an insurer. *Peterson* v. *Manhattan Life Insurance Company,* 244 Ill. 329, 337, 91 N. E. 466 (1910).

With the fraternal benefit society the underlying principle is that the mutuality in that each member should pay according to the risk he brings to the society and the benefits promised him. He is both insured and insurer. The real society is the membership and the corporation is but an instrumentality or agency by means of which the membership carry out their purposes. *Barrows* v. *Mutual Life Insurance Co.,* 151 Fed. 461, 465 (C. C. A.) (1907) ; *Supreme Lodge, etc.,* v. *Mims,* 241 U. S. 574, 579 (1916) ; *Thomas* v. *Knights of the Maccabees,* 149 Pac. 7 (85 Wash. 665 ; L. R. A. 1916A, 750) (1915) ; *Korn* v. *Mutual Aid Assurance Society,* 3 L. Ed. (6 Cranch), 192, 201; U. S. 364 (1810) ; *Haydell* v. *Mutual Reserve, etc.,* 98 Fed. 200, 204 (1899) ; *Miller* v. *National Council, etc.,* 76 Pac. 799, 832, 69 Kan. 234 (1904) ; *Reynolds* v. *Royal Arcanum,* 7 L. R. A. (N. S.) 1154, 78 N. E. 129 192 Mass. 150, 157 (1906) ; *Elliott* v. *Home Mutual Hail Assn,,* 140 N W. 431, 432, 160 Iowa, 105 (1913) ; *Mock* v. *Supreme Council, etc.,* 121 App. Div. (N. Y.) 474, 106 N. Y. S. 155 (1907) ; *Hall* v. *Western Travelers Acc. Assn.,* 96 N. W. 170, 69 Neb. 601 (1903) ; *Supreme Lodge, etc.* v. *Bieler,* 105 N. E. 244, 246, 52 Ind. App. 550 (1914) ; *Fullenweiden* v. *Royal League,* 73 Ill. App. 321, 335 (1897) ; *Mutual Reserve, etc.* v. *Taylor,* 99 Va. 208, 219, 37 S. E. 854 (1901).

To carry out this underlying idea of mutuality, all members agree to be bound by the laws of the society including those after enacted as well as those in force at the date of entry into the society and such agreements are enforced even to the extent of readjusting and changing rates, contributions or assessments which must be paid. *Thomas* v. *Knights of the Maccabees,* 149 Pa. 7, 85 Wash. 665 ; L. R. A. 1916A, 750 (1915) ; *Supreme Lodge, etc.,* v. *Mims,* 241 U. S. 574 (1916) ; *Clarkson* v. *Supreme Lodge, etc.,* 82 S. E. 1943, 99 S. C. 134 (1914) ; *De Graw* v. *I. O. F.,* 182 Mich. 366, 148 N. W. 703 (1914) ; *Holt*

v. *Supreme Lodge, etc.,* 235 Fed. 885 (C. C. A.) (1916);
*Newman* v. *Supreme Lodge, etc.,* 70 So. 241, 110 Miss. 371
(1915); *Supreme Council, etc.,* v. *Green,* 237 U. S. 531,
L. R. A. 1916A, 771, (1915); *Wineland* v. *K. O. T. M.,* 148
Mich. 608, 112 N. W. 696 (1907); *Reynolds* v. *Royal Ar-
canum,* 192 Mass. 150, 78 N. E. 129, 7 L. R. A. (N. S.)
1154 (1906); *Supreme Lodge K. of H.* v. *Bieler,* 105 N.
E. 244, 52 Ind. App. 550 (1914); *Fullenweider* v. *Royal
League,* 180 Ill. 621, 54 N. E. 485 (1899); *Fullenweider*
v. *Royal League* 73 Ill. App. 321 (1897); *Champion* v.
*Hannahan,* 138 Ill. App. 387 (1908); *Mock* v. *Supreme
Council,* R. A. 121 App. Div. (N. Y.) 474, 106 N. Y. S.
155 (1907); *Messr.* v. *Grand Lodge,* 180 Mass. 321, 62 N.
E. 252 (1902); *Miller* v. *National Council, K. & L. of S.,*
69 Kan. 234, 76 Pac. 830 (1904); *Supreme Ruling Mystic
Circle* v. *Ericson,* 131 S. W. 92 (Tex. Civ. App.) (1910);
*Williams* v. *Supreme Council, C. M. B. A.,* 152 Mich. 1,
115 N. W. 1060 (1908); *Conner* v. *Golden Cross,* 117 Tenn.
549, 97 S. W. 306 (1906); *Shepperd* v. *Bankers' Union,*
77 Neb. 85; 108 N. W. 188 (1906); *Supreme Lodge K. of
P.* v. *Knight,* 117 Ind. 489, 3 L. R. A. 409, 20 N. E. 479
(1889); *Woodmen of the World* v. *Woods,* 34 Colo. 1,
81 Pac. 261 (1905); *Barbot* v. *Mutual Res. etc. Assn.,* 100
Ga. 681, 28 S. E. 498 (1897); *Mutual Reserve Fund Life
Assn.* v. *Taylor,* 99 Va. 208, 37 S. E. 854 (1901); *Richmond*
v. *Supreme Lodge, etc.,* 100 Mo. App. 8; *Haydel* v. *Mutual
Reserve Fund Life Assn.* 98 Fed. 200 (1889); *Haydel* v.
*Mutual Reserve Fund Life Assn.,* 104 Fed. 718 (C. C. A.)
(1900).

The member occupies a dual situation in that he is both
insured and insurer. As an insured the member is in the
position of one with whom the society has promised to pay
certain benefits under certain conditions. As an insurer,
i. e., one of the collective membership, it is the duty of the
member to do those things which are necessary to be done
in order to make it possible for the society to carry out
the purposes for which it has been created. *Barrows* v.
*Mutual Life Ins. Co.,* 151 ed. 461, 465 (C. C. A.) (1907);
*Supreme Lodge, etc.,* v. *Mims,* 241 U. S. 574, 579 (1916);

*Thomas* v. *Knights of the Maccabees,* 149 Pac. 7 (85 Wash. 665, L. R. A. 1916A, 750) (1915); *Korn* v. *Mutual Aid Assurance Society,* 3 L. Ed. (6 Cranch) 190, 201, 2 U. S. 364 (1810); *Haydell* v. *Mutual Reserve, etc.,* 98 Fed. 200, 204 (1899); *Miller* v. *National Council, etc.,* 76 Pac. 800, 832, 69 Kan. 234 (1904); *Reynolds* v. *Royal Arcanum,* 7 L. R. A. (N. S.) 1154, 78 N. E. 29, 192 Mass. 150, 157 (1906); *Elliott* v. *Home Mut. Hail Assn.,* 140 N. W. 431, 432, 160 Iowa 105 (1913); *Mock* v. *Supreme Council, etc.,* 121 App. Div. (N. Y.) 474, 106 N. Y. S. 155 (1907); *Hall* v. *Western Travelers Acc. Assn.,* 96 N. W. 170, 69 Neb. 601 (1903); *Supreme Lodge, etc.,* v. *Bieler,* 105 N. E. 244, 246, 53 Ind. App. 550 (1914); *Fullenweider* v. *Royal League,* 73 Ill. App. 321, 335 (1897); *Mutual Reserve, etc.,* v. *Taylor,* 99 Va. 208, 219, 37 S. E. 854 (1901); *Peterson* v. *Manhattan Life Insurance Company,* 244 Ill. 329, 337.

The obligation to pay for a complete fracture of the arm depends upon the condition precedent, to-wit: The furnishing of proofs, including an X-ray protograph indicating a complete fracture. The benevolent objects would be defeated if any accident or other benefit must be paid at the whim or caprice either of the claimant or of some local physician. Here the objection is not to pay the benefits in all events, but upon conditions and these conditions bind the claimant as well as every other member of the society. *Pool* v. *Brotherhood of Railroad Trainmen,* 143 Cal. 653, 77 Pac. 661; *Baltimore & O. R. R. Co.* v. *Stankard* (Ohio), 49 L. R. A. 381, 60 Am. St. Rep. 475; *Eighmy* v. *Brotherhood of Railroad Trainmen,* 113 Iowa, 683, 83 N. W. 1021; *Knapp* v. *Brotherhood of America Yeoman* (Iowa), 117 N. W. 298; *W. C. Nelson* v. *Atlantic Coast Railroad Co.* (N. C.), 72 S. E. 998; *Sanderson* v. *Brotherhood of Railroad Trainmen,* 204 Pac. 182, 53 Atl. 767; 2 Bacon on Life and Accident Insurance, 564.

We submit therefore that the right of action in this case does not accrue until the X-ray photograph in the judgment of the medical director showed a complete fracture. The X-ray picture did not show a complete fracture and the medical director in good faith so found. In the *Avery*

v. *Scott case,* 8 Exch. 497, MAULE, J., made a statement which was quoted with approval by Lord LINDLEY in *Spurrier* v. *La Cloche* (1902), A. C. 446, as follows: "There is no decision which prevents two persons from agreeing that a sum of money shall be paid upon a contingency, but they cannot legally agree that when it is payable no action shall be maintained for it."

That is a distinction for which we contend. And in making this point and drawing this distinction we are conscious of the prior ruling of this court in *Eminent Household of Columbian Woodmen* v. *Ramsey,* 118 Miss. 454, holding that any provision of the constitution requiring the plaintiff before resorting to the courts to exhaust his remedy by appeal within the order, is contrary to public policy and void on the theory that it would deprive or oust the courts of their jurisdiction. This court in the Ramsey case, referred to *Independent Order of Sons and Daughters of Jacob* v. *Wilkes,* 98 Miss. 179, 52 L. R. A. 817, wherein Wilkes sued the order for damages before exhausting his remedy by appeal as provided by the laws of the order. We respectfully submit that the court in the Ramsey case has carried the rule as far as it possibly can be and very much further than most of the authorities suggest.

There was not a complete fracture of the arm. At most there was only a fracture of the radius, one bone of the arm not being injured at all. Complete means "total" or "entire." How then can there be a complete fracture when one of the two equally important bones has suffered no injury whatever? It is submitted that the peremptory instruction requested should have been given, in view of the fact that only one bone was in anywise injured and there was in fact no complete fracture of the arm. But assuming that a complete fracture of one bone of the forearm is sufficient, then on this restricted definition we submit that there was no complete fracture of one bone. The X-ray photograph incorporated in the record, at most shows only a longitudinal crack, no portion of the bone being completely severed and the crack only extending

part of the way along the bone. 3 American Practice of Surgery, Bryant & Buck, 64; 2 Keen on Surgery, 75-79.

Distinguished members of the medical profession agree that there must be a division of the bone into two distinct fragments, separated along their entire length, breadth or obliquity before the fracture can be "complete" and that a mere partial separation is the very essence of an incomplete fracture. Compare *Saveland* v. *The Fidelity & Casualty Co.,* 30 N. W. (Wis.) 237 (1886).

Section 400 of the constitution relied on by the plaintiff has no bearing on the case. Counsel introduced this provision of the constitution in an effort to show that the plaintiff was entitled to one hundred dollars provided either bone of the forearm was fractured. This provision of the constitution cannot govern in this case; because—

1. The declaration does not set forth this provision and sue for this indemnity. The indemnity sought by the declaration is based upon the contract and not upon the constitution and it is elementary law that the contract must govern. 2. The contract cannot be contradicted by the by-laws or constitution. There is an irreconcilable difference between the contract as evidenced by the covenant and this provision of the by-laws and this being so, the constitution gives way to the contract. On this point we state the express holding of our court in *Eminent Household of Columbian Woodmen* v. *Bunch,* 115 Miss. 512.

*Naul & Yawn,* for appellee.

This case was tried in view of the law as announced in *Eminent Household of Columbian Woodmen* v. *Ramsey,* 118 Miss. 454, 79 So. 351. Also in view of part of section 400 of the by-laws and constitution of the appellant company. The case was tried on the theory that if plaintiff suffered a complete fracture of the radius of his left forearm, then he was entitled to recover under the said covenants and said section of the constitution, and the entire proof of plaintiff was directed in line to establish the fact that plaintiff sustained a complete fracture of the radius

of his left forearm. The question was submitted to the jury, who heard the evidence, saw the X-ray picture, and its finding was in favor of the plaintiff, and by the jury's finding, the plaintiff was not only entitled to recover by reason of the clause in said covenants, but also because of the said section 400 of the constitution and by-laws of appellant order, and we do not think that plaintiff's recovery should be limited to one hundred dollars, by reason of said covenant No. 63245, he should recover one hundred dollars as provided by it, and on account of covenant 2966 he should recover the sum of one hundred fifty dollars, making a total of two hundred and fifty dollars, by reason of said covenants, and said section 400. Under no circumstances of this case can we see how this court can enter final judgment for appellant as requested. If there was a complete fracture of the radius bone of the left fore-arm, of appellee, then appellant is liable for the same, and we believe that the evidence is this case is conclusive on this feature of the case.

*Wells, Stevens & Jones,* and *A. A. Cohn,* for appellant in reply.

The only authority which counsel cite or reply upon is that of *Eminent Household of Columbian Woodmen* v. *Ramsey,* 118 Miss. 454. The Ramsey case did not present any question as to whether the proofs submitted were in every respect sufficient. On the contrary the opinion expressly states: "Due proofs of the death of the insured were made to the appellant company and an opportunity was given it to comply with the terms of the policy and settle with the beneficiary." In other words, the proofs submitted were in accordance with the constitution and contract of the parties.

In the case at bar the proofs were unsatisfactory and so ruled by the proper authorities. They quote section 400 of the constitution in an effort to show that a complete fracture of either bone of the forearm would entitle the plaintiff to recover. The Bunch case is controll-

ing. If the plaintiff is entitled to recover under the contracts, recovery must be based upon a complete fracture of the arm. No such complete fracture is shown. Plaintiff did not sue under section 400 of the constitution and were he to do so his recovery would necessarily be limited to one hundred dollars.

COOK, J., delivered the opinion of the court.

Appellee, as plaintiff in the court below, filed his declaration in the circuit court of Lincoln county against appellant to recover the sum of two hundred and fifty dollars alleged to be due under two beneficiary covenants which the appellee held in the appellant society, claiming that the appellee had suffered a complete fracture of his left arm, and by reason thereof he had the right to recover under certain provisions of the covenants. The provision of covenant No. 2966 under which recovery is sought reads as follows:

"Upon receipt of satisfactory proofs, including an X-ray photograph, indicating a complete fracture of arm at or above the wrist, or leg at or above the ankle, the society will pay one-twentieth of the value of this covenant, provided, however, that in no event will a second payment be made for the breaking of the same limb or limbs."

The clause in covenant No. 63245 upon which the declaration is based reads:

"In the event of complete fracture of arm at or above the wrist, or the complete fracture of leg at or above the ankle, this guest shall receive immediately, upon acceptance of proof of such disability, one hundred dollars, but in no event shall more than one hundred dollars be paid for any such temporary disability."

To the declaration the appellant pleaded the general issue with notice thereunder of special matter of defense. The pleas set forth in detail that the appellee did not suffer a complete fracture of the arm within the terms of the policy, and that there was no liability whatever, and also set forth in great detail other defensive matter which,

133 Miss.—18

274 Columbian Mut. Life Assur. Soc. *v.* Penn. [Sup. Ct.

Opinion of the court. [133 Miss.

under our view of this case, it will not be necessary to notice in this opinion. The cause was tried upon the issues and proof, and resulted in a verdict for the plaintiff, from which this appeal was prosecuted.

There is no contention that both bones of appellee's forearm were broken, and there is no evidence that the *ulna* was injured at all, but the proof offered by the appellee was to the effect that there was a complete fracture of the bone known as the *radius,* and the first question that arises on this record is whether a fracture of one bone of the forearm is a complete fracture of the arm within the meaning of the provisions of the two covenants as hereinbefore set out in full. The provisions of the policy contracts upon which this suit is solely based provide a benefit for a complete fracture of the arm at or above the wrist, and we are of the opinion that a fracture of one of the bones of the forearm is not a complete fractcre of the arm within these provisions of the contracts. The word "fracture" connotes the breaking of a hard substance, and to have a complete fracture of the arm it is necessary that there be a complete break of all the bony substances in the arm, and, since there are two bones in the forearm, the *radius* and *ulna,* there can be no complete fracture of the forearm unless there is a break of both bones. The correctness of this view is indicated by the fact that section 400 of the Constitution of the society provides a benefit to be paid to the holder of a beneficiary covenant for the complete fracture of one or both bones of the forearm, the amount of this benefit being different from that provided in one of the covenants sued on. At the trial this section of the constitution of the society was introduced in evidence, and it reads, in part, as follows:

"Should the holder of a beneficiary covenant providing a benefit of this character, while in good standing, suffer the complete fracture of the arm (*humerus*) at either extremity, or the shaft; or the complete fracture of one or both bones of the forearm (*radius or ulna*) either at extremities or shaft, . . . there shall be paid one hundred dollars immediately upon acceptance of proofs," etc.

The appellee contends that he is entitled to recover not only by reason of the provisions of the covenants which are made the basis of his suit, but also because of the provisions of said section 400 of the constitution of the society. It is a sufficient answer to this contention, however, to say that in the declaration which is the basis of this suit the appellee's right of recovery is predicated solely upon the provisions of the policy contracts. The declaration contained no reference to this constitutional provision, and certain it is that it did not seek to charge liability under the terms of this provision, and consequently no recovery in this suit can be upheld in virtue of this constitutional provision. As to whether a new suit predicating liability upon this provision can be maintained we express no opinion.

It follows from the views herein expressed that the peremptory instruction requested by the defendant should have been granted, and therefore the judgment of the court below will be reversed, and judgment entered here for defendant.

Reversed, and judgment for defendant.

*Reversed.*